IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

COOPER LAND DEVELOPMENT, INC.,  PLAINTIFF
an Arkansas corporation,

v.   Case No. _____

JAMES C. JUSTICE COMPANIES, INC.,
a Delaware corporation,  DEFENDANT

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Cooper Land Development, Inc. ("CLD"), by and through its attorneys, files this Complaint for Declaratory Judgment against Defendant, James C. Justice Companies, Inc. ("Justice Companies"), showing the Court as follows:

**Parties**

1. CLD is an Arkansas corporation with its principal place of business at Cooper Land Development, Inc., 903 N 47th Street, Rogers, AR 72756-9622.

2. Justice Companies is a Delaware corporation with its principal place of business at 302 S. Jefferson Street, Roanoke, Virginia 24011. Upon information and belief, Justice Companies is a joint adventurer with Justice Holdings, LLC, a West Virginia limited liability company ("Justice Holdings") in connection with a community known as Glade Springs Village.

1

**Jurisdiction and Venue**

3.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000, exclusive of interest, attorney's fees and costs.

4.      Venue is proper before this Court because this is a declaratory judgment action pursuant to 28 U.S.C. § 2201 upon the Guaranty dated October 20, 2010, executed and delivered by Justice Companies to CLD.  A true and accurate copy of the Guaranty is attached to this Complaint as Exhibit "A".  By the express terms of the Guaranty, Justice Companies voluntarily submits to the jurisdiction of the courts in Arkansas "in connection with any suit or proceeding arising . . ." under the Guaranty.  Ex. A ¶ 8.  Justice Companies expressly agreed that the Guaranty "constitute[d] an Arkansas contract . . . governed by the laws of the State of Arkansas."  *Id.*

5.      This Court has jurisdiction to determine the rights of CLD and Justice Companies under the Guaranty pursuant to Fed. R. Civ. P. 57, 28 U.S.C. §§ 2201 and 2202, and the Arkansas Declaratory Judgment Act, Ark. Code Ann. §§ 16-111-101, *et seq.*

**Factual Background**

6.      Commencing in 2001, CLD planned and developed a resort and residential community named Glade Springs Village in Raleigh County, West Virginia.  CLD placed on the public record the "Declaratory of Covenants and Restrictions, Glade Springs Village, West Virginia" ("Declaration") which, among other things, provided for the creation, powers and duties of the Glade Springs Village Property Owners Association, Inc. ("POA") and the covenants and restrictions applicable to the community and its further development and expansion.

7. For the next ten years, CLD and the POA performed their respective roles under the Declaration to improve the real property; install utilities; construct roads and recreational and sports amenities; and expand the attraction and footprint of Glade Springs Village.

8. On July 20, 2010, Justice Companies executed the Purchase Agreement whereby Justice Companies agreed to purchase CLD's rights, title and interests in Glade Springs Village and to assume CLD's role as Developer effective on October 20, 2010.

9. Prior to closing the transaction, Justice Companies proposed the assignment of its rights and obligations under the Purchase Agreement to Justice Holdings to which CLD assented. The consideration for the consent of CLD was Justice Companies' guarantee of the complete and full performance by Justice Holdings of its obligations to CLD in the transaction.

10. At the closing, the parties exchanged and delivered duly executed documents, instruments and agreements to accomplish the purpose of the Purchase Agreement. These documents included the Assignment and Assumption of Rights, Duties and Obligations Under Purchase Agreement and Consent to Assignment (the "PA Assignment") assigning the rights of Justice Companies to Justice Holdings and the Guaranty which is the basis of this civil action.

11. From the closing date of October 20, 2010 to the present, Justice Holdings stepped into the shoes of CLD and acted as Developer of Glade Springs Village.

12. As part of the development of Glade Springs Village, the POA was obligated under the Utility Loan for amounts advanced by the Developer to pay for the expense of permitting, constructing, installing and maintaining the various utilities to serve the residential, commercial and amenities. Upon information and belief, Justice Holdings amended the terms of the interest-free Utility Loan to the POA to require the payment of interest on the unpaid balance. This change in the terms of the previously interest-free Utility Loan was made on a date unknown to CLD.

13. In mid-2019, a dispute with the POA arose over payment of the Utility Loan. Justice Holdings declared the POA in default and sued to collect in a case styled *Justice Holdings LLC v. Glade Springs Village Property Owners Assoc., Inc.,* Civil Action No. 19-C-481 (Cir. Ct. of Raleigh County, W. Va.) ("Justice State Case").

14. The POA has thus far succeeded in obtaining Orders from the West Virginia trial court declaring Glade Springs Village to be a 'common interest community" under a West Virginia statute resulting in voiding the Utility Loan, reformation of the Declaration, and liquidating the liability of Justice Holdings for annual assessments on the lots owned by it in Glade Springs. The case is ongoing although the West Virginia trial court has directed the entry of final judgment on the POA's claims for payment of the lot assessments and certain loan payments.

15. The POA also filed the case styled *Glade Springs Village Property Owners Association, Inc. v. Cooper land Development, Inc. and Justice Holdings*, Civil Action No. 21-C-129 (Cir. Ct. of Raleigh County, W. Va.) (the "POA Case"). In this litigation, the POA is seeking to build upon the rulings it has obtained in the non-final Orders in the Justice State Case and to unwind all POA's dealings, transactions and agreements with Glade Springs Village's Developer – both Justice Holdings and CLD.

16. Upon information and belief, Justice Companies and Justice Holdings were aware of the facts and circumstances as early as 2011 which the POA later used to defend itself and to obtain relief in the Justice State Case. These facts and circumstances were intentionally and deliberately concealed or not revealed to CLD until 2019.

**The Failure of Performance of the Purchase Agreement and the Subsidiary Agreements**

17. The developments in the Justice State Case caused Justice Holdings to sue CLD in the United States District Court for the Southern District of West Virginia. This case was later

transferred to Arkansas and is currently pending in this Court at Justice Holdings*, LLC v. Cooper Land Development, Inc.*, Case No. 5:21-cv-05197-PKH ("Pending Lawsuit").  In the Pending Lawsuit, Justice Holdings seeks to recoup from CLD the amounts of the financial losses Justice Holdings anticipates it may be ordered to pay in the Justice State Case and to rescind the Purchase Agreement and the Subsidiary Agreements with CLD made in connection with the 2010 sale.

18. The efforts of Justice Holdings to rescind the Purchase Agreement and the Subsidiary Agreements with CLD by and through the Justice Federal Case amount to failure of performance of the obligations therein by Justice Holdings and trigger the provisions of the Guaranty in which Justice Companies is the guarantor and CLD is the obligee and referred to as the "Seller."

## The Guaranty of Justice Companies

19. Justice Companies' Guaranty guarantees Justice Holdings' payment and performance of the Purchase Agreement and the Subsidiary Agreements regardless of the validity and enforceability thereof, and the Guaranty expressly includes "any liability" incurred by Justice Holdings under those agreements.   Ex. A ¶ 1.

20. The Guaranty dated October 20, 2010, provides that Justice Companies "covenants and agrees that in the event of [Justice Holdings' s] default in the performance of any of the terms, covenants or conditions of the Purchase Agreement, the PA Assignment or the Subsidiary Agreements, [Justice Companies] . . . will perform or cause to be performed fully all such terms, covenants and conditions, irrespective of any invalidity therein, the enforceability thereof or the insufficiency, invalidity or enforceability." Ex. A ¶ 1(b).

21. Further, "[t]his Guaranty shall include any liability of [Justice Holdings] which shall accrue under the Purchase Agreement, the PA Assignment or the Subsidiary Agreements. . . ." *Id.*

22. The Guaranty defines "Subsidiary Agreements" as "all other agreements, documents and instruments entered into by [Justice Holdings] in connection with the Purchase Agreement and the transactions contemplated thereby." Complaint Ex. A ¶ 1(a).

23. Furthermore, "[t]his Guaranty is and shall be construed to be an irrevocable, absolute, unlimited and continuing guaranty of payment and performance, and the liability of [Justice Companies] hereunder and [CLD's] right to pursue [Justice Companies] shall not be affected, delayed, limited, impaired or discharged, in whole or in part, . . . under any other state or other federal statutes. Ex. A ¶ 3.

24. Upon the failure or refusal of Justice Companies to honor the Guaranty, CLD is entitled to recover all costs of enforcing its rights under the Guaranty from Justice Companies. Ex. A ¶ 5.

25. The obligations of Justice Companies under the Guaranty have neither been discharged nor terminated.

26. This Court has the power to declare the rights, status and the legal relations of the parties to the Guaranty whether or not further relief is or could be claimed, pursuant to Ark. Code Ann. §§ 16-111-101, *et seq*.

27. There is a real and substantial, justiciable controversy between the parties to this action regarding the obligations of Justice Companies under the Guaranty.

28. CLD therefore seeks a judicial declaration that:

(a) Justice Companies absolutely, unconditionally and continuously guarantees the full and complete payment and performance by Justice Holdings of all its duties and obligations under the Subsidiary Agreements referred to in the Guaranty, including but not limited to the Declaration and the Utility Loan;

(b) The Guaranty includes *any* liability of Justice Holdings accruing under the Subsidiary Agreements which liability Justice Holdings seeks to impose upon CLD;

(c) Justice Companies guarantees the full and complete payment and performance of the obligations of Justice Holdings irrespective of any invalidity in the Subsidiary Agreements or the unenforceability thereof; and

(d) Justice Companies guarantees the full and complete payment and performance of the obligations of Justice Holdings under the Subsidiary Agreements irrespective of the outcome of the disputes between Justice Holdings and the POA in either the Justice State Case or the POA case.

**WHEREFORE**, CLD respectfully requests the following relief:

a. That this Court judicially determine and declare CLD's rights and Justice Companies' obligations under the Guaranty and construe or interpret those rights in accordance with the law, the Guaranty, and the allegations above;

b. An Order awarding CLD all its costs in enforcing its rights as provided for by the Guaranty; and

c. Such other and further relief as this Court deems appropriate.

ROSE LAW FIRM,
a Professional Association
120 East Fourth St
Little Rock, AR 72201
TELEPHONE: (501) 375-9131
FACSIMILE:  (501) 375-1309

By: *Betsy Baker*
Richard T. Donovan (Ark. Bar No. 83054)
rdonovan@roselawfirm.com
Betsy Baker (Ark. Bar No. 2010128)
bbaker@roselawfirm.com

**Attorneys for Cooper Land Development, Inc.**